**RECEIVED**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

APR - 2 2025
TIME: 12:40 p.m.
CLERK, U.S. BANKRUPTCY COURT
MINNEAPOLIS, MINNESOTA

In Re:

Afnan Mohammed Husain,   Chapter 11 (Subchapter V)
Debtor                   Case No.: 25-30895

**EMERGENCY MOTION TO ENFORCE AUTOMATIC STAY, COMPEL IMMEDIATE TURNOVER, AND SANCTION FOR WILLFUL VIOLATION**

NOW COMES Debtor, **Afnan Mohammed Husain**, appearing pro se, and pursuant to **11 U.S.C. § 542(a)**, the **Fifth Amendment to the United States Constitution, Article I, Section 8, Clause 4**, and the **Civil Rights Act of 1866**, files this **Emergency Motion** demanding the **immediate return** of Debtor's 2018 Honda CR-V (VIN: 7FARW2H85JE073819), which is wrongfully and willfully being held by Bridgecrest Credit Company, LLC. This Motion also demands **immediate judicial intervention without a hearing** under emergency authority to prevent further constitutional violations, or in the alternative, an **expedited hearing** pursuant to **Local Rule 9006-1(d)**.

This Court retains plenary authority and an independent duty to prevent the erosion of constitutional protections and the bankruptcy estate through unlawful creditor action. The failure to issue immediate relief in the face of daily, compounding harm **undermines the integrity of the judicial process** and **renders § 362 protections meaningless. This matter cannot wait for procedural scheduling**. It demands judicial intervention *now*.

   I. **NOTICE OF IMMINENT AND ONGOING HARM TO THE ESTATE**
   The unlawful withholding of the Debtor's primary vehicle constitutes an immediate, ongoing deprivation of livelihood, property, and lawful access to educational employment. Each day that this vehicle remains withheld, the Debtor suffers irreparable financial, professional, and constitutional injury, including loss of income and disruption to services promised to minor students. This is an active violation of federal stay protection, estate control, and due process, and requires this Court's Immediate Protective Intervention.

## II. GROUNDS FOR EMERGENCY RELIEF

### A. Immediate and Irreparable Harm

1. Debtor is a self-employed instructor providing youth education in robotics and engineering.
2. The repossessed vehicle is the **only means of transportation** available to Debtor for reaching educational sites.
3. Critically, **essential teaching materials, professional tools, and work-related equipment,** required to fulfill Debtor's contractual obligation to students, are locked within the vehicle.
4. Without this vehicle, Debtor is entirely **unable to work, earn income, or provide educational services,** resulting in immediate economic collapse and irreparable disruption to minor students who rely on this instruction.
5. This constitutes ongoing, compounding injury to Debtor's right to property, employment, and livelihood.
6. The harm intensifies daily and is directly attributable to the unlawful acts of Bridgecrest Credit Company, LLC and its counsel.

### B. Legal Basis for Turnover

6. Under **11 U.S.C. § 542(a),** all property of the bankruptcy estate must be surrendered to the trustee or debtor without delay.
7. The **repossession occurred pre-petition,** and the refusal to return the vehicle post-petition constitutes a **willful violation of the automatic stay.**
8. Pursuant to the **amended Federal Rule of Bankruptcy Procedure 7001 (eff. Dec. 1, 2023),** an individual debtor may demand turnover via motion, eliminating the delay and burden of adversary proceedings.
9. The continued withholding of the vehicle constitutes an **unconstitutional conversion of property** in violation of the **Fifth Amendment** and a **color-of-law deprivation** under the **Civil Rights Act of 1866.**

10. The federal courts have plenary authority under **Article I, Section 8, Clause 4** to enforce the laws of bankruptcy, which includes the protection of a debtor's property and due process rights.

11. The Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title under **11 U.S.C. § 105(a)**, including enforcing stay protections and returning estate property.

C. **Lack of Perfected Lien – Unlawful Possession**

12. Debtor holds evidence from the **Minnesota Department of Motor Vehicles**, including:
    a. Certified title confirming Debtor as legal owner
    b. Lien card naming Debtor's trust, not Bridgecrest Credit Company, LLC, as secured party
    c. **UCC-11 Search Report** confirming **absence of a valid or perfected lien** by Bridgecrest Credit Company, LLC

13. This evidence establishes that Bridgecrest Credit Company, LLC does **not possess a perfected lien**, and thus cannot lawfully withhold the vehicle.

14. The repossession of the vehicle without a perfected lien is a **gross abuse of process** and a clear act of **conversion under bankruptcy and state law**, and a **violation of the Fifth Amendment's due process guarantee.** The actions of Bridgecrest Credit Company, LLC are not mere civil violations; they constitute a **willful interference** with a **constitutionally protected property interest**, rising to the level of a **color-of-law deprivation** actionable under federal civil rights doctrine.

D. **Bridgecrest Credit Company, LLC's Willful Contempt and Procedural Defiance**

15. Debtor has made **multiple good-faith attempts** to resolve the matter without court intervention, including direct contact with Bridgecrest Credit Company, LLC and their counsel, Wilford & Geske.

16. Both have **brazenly refused** to return the vehicle, despite unambiguous notice of the bankruptcy filing and the automatic stay.
17. Their statement that they will "meet the Debtor in court" reflects a **deliberate contempt for judicial process**, a **reckless gamble on procedural delay**, and a **willful violation** of the stay intended to extract leverage from a financially constrained Debtor.
18. These actions are not only unlawful, but they reflect a **conscious, strategic defiance** of federal protections guaranteed under 11 U.S.C. § 362, the **Fifth Amendment,** and the **Civil Rights Act of 1866.**
19. This refusal persists despite being notified of the automatic stay in place since the petition filing on **March 28, 2025.**
20. The conduct of Bridgecrest Credit Company, LLC and its legal representatives is not passive. **It is targeted. It is strategic.** And it is **contemptuous of this Court's jurisdiction**. The Debtor demands that this Court issue a **contempt citation** and **impose coercive and punitive sanctions** to dissuade future creditors from violating the automatic stay with impunity.

E. **Sanctions for Violation of the Automatic Stay and Civil Contempt**

21. Pursuant to **11 U.S.C. § 362(k)**, the Debtor demands that Bridgecrest Credit Company, LLC and their counsel be sanctioned $500 for **every day the vehicle remains in their possession post-petition**.

22. This Court has the authority to issue **actual damages, attorney fees, and punitive sanctions** for egregious, repeated violations of the automatic stay.

23. The Debtor respectfully moves for **monetary penalties**, to be calculated from March 28, 2025 forward, in addition to an **order of civil contempt** to prevent further abuse.

F. **Relevant Case Law**

24. **Allen, Case No. 13-14348 (Bankr. D.N.J. 2013):** The court granted an **emergency ex parte motion** for a temporary restraining order **without a**

**hearing**, demonstrating the court's authority to provide immediate relief in urgent situations.

25. **Franklin, 614 B.R. 534 (Bankr. M.D.N.C. 2020):** Emergency motion for turnover of a vehicle repossessed pre-petition granted; court ordered vehicle returned and imposed sanctions.

26. **Yates, 332 B.R. 1 (B.A.P. 10th Cir. 2005):** Creditor refused to return a repossessed vehicle post-petition. Court found a willful violation and awarded attorney's fees and punitive damages.

27. **Sharon, 234 B.R. 676 (B.A.P. 6th Cir. 1999):** Turnover motion granted without adversary proceeding.

28. **Thompson, 566 F.3d 699 (7th Cir. 2009):** Court held creditor's refusal to return a pre-petition repossessed vehicle post-petition was a violation of the automatic stay and ordered the vehicle returned.

29. **Whiting Pools, Inc., 462 U.S. 198 (1983):** Property seized prepetition becomes part of the estate and must be returned.

30. **Del Mission Ltd., 98 F.3d 1147 (9th Cir. 1996):** Willful violation of the automatic stay occurs even when the creditor believes itself legally justified.

31. **Colortran, Inc., 210 B.R. 823 (B.A.P. 9th Cir. 1997):** Bankruptcy courts can and should award punitive damages when conduct is egregious.

The Debtor asserts that delay in relief would not merely cause economic injury, but would **functionally destroy the viability of the Debtor's reorganization**, in violation of the Supreme Court's clear directive in **United States v. Whiting Pools, Inc., 462 U.S. 198, 207 (1983),** which affirms that estate property **"must be returned,"** and that the bankruptcy estate includes property held by others which the debtor has an interest in reclaiming.

The Bankruptcy Court exists to provide honest debtors a fresh start – not to allow creditors to use delay, defiance, and deprivation of livelihood as a weapon against compliance with federal law.

## III. PRAYER FOR IMMEDIATE RELIEF

WHEREFORE, Debtor respectfully moves this Court to:

1. Enter an **immediate and enforceable order**, without hearing if necessary, compelling Bridgecrest Credit Company, LLC to return the subject vehicle **within 24 hours**;
2. Exercise inherent authority to grant relief **ex parte** due to the extraordinary and ongoing harm, or schedule an **expedited hearing** under Local Rule 9006-1(d);
3. That this Court impose **sanctions** on Bridgecrest Credit Company, LLC in the amount of $500 per day since March 28, 2025;
4. Issue a finding of **civil contempt of court**;
5. Grant such other relief as is just, proper, and urgently warranted under the **Constitution and law**.
6. Recognize that this Court has both the statutory mandate and inherent authority to enforce constitutional rights, prevent abuse of the bankruptcy process, and protect the dignity of this Court's Orders and Jurisdiction under 11 U.S.C. § 105(a) and the Fifth Amendment.
7. That this Honorable Court, acting under its constitutional charge, affirm **that no creditor stands above the law**, and that federal protections for estate property are **immediate, not optional.**

Respectfully,

*/s/ Afnan Husain/*

**Afnan Mohammed Husain,**

Pro Se Debtor

Dated: 04/02/2025