## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

---

In re: Afnan Mohammed Husain,

                                      Bky No. 25-30895
                                            Chapter 7

Debtor

---

### NOTICE OF HEARING AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY

---

TO: Entities Specified in Local Rule 9013-3.

Gardner Investments, Inc. ("Landlord"), a party in interest in this Chapter 7 bankruptcy case, by and through its undersigned counsel, moves the Court for the relief requested below and give notice of hearing.

### NOTICE OF HEARING

1.      The Court will hold a Hearing on the Motion before the Honorable Katherine A Constantine on Wednesday, May 28, 2025 at 1:30 p.m. in Courtroom No. 8W, at the Diana E. Murphy United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota 55415 and/or through such telephonic or electronic means as are ordered by the court.

2.      Per local rule, any response to the motion must be filed and served not later than May 21, 2025, which is at the first weekday at least seven days prior to the hearing (counting holidays and weekends). UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE MOTION WITHOUT A HEARING.

3.     This Court has jurisdiction over this motion under 28. U.S.C. §§ 157 and 1334, Bankruptcy Rule 5005 and Local Rule 1070-1.

4.     This proceeding is a core proceeding. The petition commencing this case was filed on March 28, 2025 (the "Petition Date"). This case is now pending before this Court.

5.     The Motion arises under 11 U.S.C. §§ 362 and Federal Rule of Bankruptcy Procedure 6009. The Motion is filed under BankruptcyRule 9014 and Local Rules 9013-1 through 9013-3.

6.     Landlord requests that the Court enter an order granting relief from the automatic stay for the purpose of permitting it to pursue an eviction action in State Court to seek recovery of a premises owned by the Landlord and rented by the Debtor.

FACTUAL BACKGROUND

7.     Debtor at all times relevant herein and currently is a tenant in an apartment unit, to wit: 1905 Stevens Avenue South, Apt. 203, Minneapolis Minnesota 55403 (the "Apartment.") Landlord is the owner of the building. See Declaration of Marshall Jackson, President of Landlord filed herewith.

8.     In October of 2024 Debtor entered into a written lease for the term of approximately one year (specifically October 24,2024 through November 30, 2025) for occupancy in the Apartment (the "Lease.") Declaration Jackson, Exhibit A.

9.     Debtor failed to pay rent for January of 2025 and Landlord brought an eviction action against the Debtor on January 27, 2025 in Hennepin County District Court (Housing Division) [4th District Court File No. 27-CV-HC-25-818 (the "Eviction Action.")] Declaration of Jackson Exhibit B.

10.     Multiple pre-trial motions were filed by Debtor in the Eviction Action including a motion to dismiss because the Debtor's rights in the Apartment had been assigned to an entity

called the "Aurora Living Trust." Debtor has never provided any evidence to Landlord of the existence of the "Aurora Living Trust" nor has Debtor listed an interest in the "Aurora Living Trust" in schedule A/B.  Declaration of Jackson.

11.    On the Petition Date, Debtor filed a voluntary petition for relief under Chapter 7 of Title 7 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Minnesota. (the "Court").

12.    On the Petition Date Debtor failed to list Debtor as a creditor on the original bankruptcy filing and did not inform Landlord, nor or Landlord's attorney nor the state court of the bankruptcy filing. Landlord had no independent knowledge of the bankruptcy filing as of the Petition Date. Declaration of Jackson.

13.    A hearing in the Eviction Action was held on April 7, 2025 in Hennepin County Housing Court. As a result of that hearing, in ignorance of the automatic stay, the Hennepin County District Court Referee entered an order for judgment in favor of the landlord dispossessing Debtor and denying all affirmative defenses to the Eviction Action brought by the Debtor, including her assertion that she could not be evicted because she had assigned the Lease to a separate legal entity. Declaration of Jackson, Exhibit C.

14.    On April 8, per the request of Landlord, Hennepin County issued a Writ of Recovery to Landlord. Declaration of Jackson.

15.    Only after she lost the Eviction Action did Debtor inform the District Court that he had filed bankruptcy on the Petition Date. Declaration of Jackson.

16.    As a result of the notice of bankruptcy filing, on April 10, the state court issued an order vacating its order for possession and quashed the writ of recovery. Declaration of Jackson, Exhibit D.

17.    Although Debtor indicates in her amended filing [ECF 14-Schedule G] that she

"retains no interest" in the apartment, she continues to reside in the Apartment. Declaration of Jackson.

18.     Debtor has failed to pay April and May rent to the Landlord. Currently, the Debtor owes pre-petition rent and related costs (not including attorney's fees) in the amount of $2,456.20 (Declaration Jackson Exhibit E) and post-petition rent and related costs (not including attorney's fees) in the amount of $1,672.80 Declaration of Jackson Exhibit F.

19.     There has been no attempt by the Trustee nor the Debtor to assume the Lease.

20.     Landlord seeks relief from the Automatic Stay for the purpose of continuing to seek eviction of the Debtor from the Apartment.


BASIS FOR RELIEF REQUESTED

21.     Landlord has both an unsecured claim for rent for the months of January, February and March of 2025 and a potential administrative claim in the current amount of $1,672.80 for post-petition occupancy of the Apartment. Relief from stay to pursue Landlord's state court remedies against the Debtor for eviction is available under 11 USC § 362.

22.     The bankruptcy estate will note be prejudiced by the proposed grant of stay relief, in fact the estate will benefit by the termination of any administrative claim held by Landlord upon termination of the Lease.

23.     Pursuant to Local Rule 9013-2(c), Debtors states that should testimony be necessary, Landlord reserves the right to call the following witnesses for the purpose of discussing in greater detail the relief sought by filing the appeal: Marshall Jackson and attorney Kimberly Tennyson.

24.     This Motion is accompanied by a memorandum of law, proposed order, and proof of service pursuant to Local Rule 9013-2(a).

4

WHERFORE, Debtor respectfully requests that this Court enter an order

    a.   Substantially in the form of the proposed order attached modifying the automatic stay permitting Landlord to proceed with the current eviction proceeding in Hennepin County, or, to the extent necessary, beginning a new eviction proceeding based upon the non-payment of post-petition rent; and

    b.   granting such other and additional relief as the Court deems just and appropriate.

Respectfully submitted,

Dated: May 14, 2025

/e/ *Kenneth C. Edstrom*
Kenneth C. Edstrom (148696)
Sapientia Law Group, PLLC
120 South Sixth Street, Suite 100
Minneapolis, MN  55415
612-756-7100

***Attorneys for Landlord Gardner Investments, Inc.***

1

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re: Afnan Mohammed Husain                    Bky No. 25-30895
                                                                Chapter 7

Debtor

**MEMORANDUM OF LAW IN SUPPORT OF MOTION**
**FOR RELIEF FROM THE AUTOMATIC STAY**

This Memorandum is submitted in support of Landlord's Motion for Relief from the Automatic Stay ("Motion"). The facts supporting the relief requested are set forth in the accompanying motion.

**ARGUMENT**

Section 362(d) of the Bankruptcy Code provides, in part, that:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay
>
> • for cause, including the lack of adequate protection of an interest in property of such party in interest.

Landlord seeks a limited and narrow modification of the stay for cause under 11 U.S.C. § 362(d)(1), in order to proceed with prosecution of a state court action in Illinois against the Debtor, specifically limiting any recovery to insurance proceeds.

Courts consider a number of factors when evaluating a request to grant relief from the stay to permit pending litigation to proceed in a state court. Ostensibly, the test is that of balancing by the Court of the

1

potential prejudice to the bankruptcy estate and to the other creditors against the hardship to the moving

party if the relief is not granted. *In re: Blan*, 237 B.R. 737 (8th Cir. BAP 1999) *citing to Internal Revenue*

*Service v. Robinson* (*In re Robinson*), 169 B.R. 356, 359 (E.D. Va. 1994); *In re United Imports, Inc.,* 203

B.R. 162, 166 (Bankr. D. Neb. 1996); *In re Marvin Johnson's Auto Service, Inc*., 192 B.R. 1008, 1014

(Bankr. N.D. Ala. 1996); *Smith v. Tricare Rehabilitation Systems, Inc.* (*In re Tricare Rehabilitation*

*Systems, Inc*.), 181 B.R.  569, 572-73  (Bankr. N.D. Ala. 1994).

Specific factors that Court's typically consider include:[5]

1.    whether relief would result in a partial or complete resolution of the issue;

2.    lack of any connection with or interference with the bankruptcy case;

3.    whether the proceeding involves the debtor as a fiduciary;

4.    whether a specialized tribunal with the necessary expertise has been established
       to hear the cause of action;

5.    whether the debtor's insurer has assumed full responsibility for defending it;

6.    whether the action primarily involves third parties;

7.    whether litigation in another forum would prejudice the interest of the creditors;

8.    whether the judgment claim arising from the other action is subject to equitable
       subordination;

9.    whether the movant's success in the other proceeding would result in a judicial
       lien avoidance action by the debtor;

10.   the interests of judicial economy and the expeditious and economical resolution
       of litigation;

11.   whether the parties are ready for trial in the other proceeding; and

12.   the impact of the stay on the parties and the balance of harms.

All of the above factors may not be relevant in every case, and a court need not give each factor equal weight. *In re Mazzeo*, 167 F.3d 139, 143 (2d Cir. 1999); *In re Burger Boys, Inc.*, 183 B.R. 682, 688 (Bankr. S.D.N.Y. 1994).

In this case, if the automatic stay were lifted, neither this Court nor the bankruptcy estate would be involved, the lifting of the stay would enable Landlord to obtain the relief it is entitled to, and there is no prejudice to any other creditor.  In the state court proceeding, the Debtor's rights under the Lease have already been heard and, despite the vacating of the order restoring the Landlord to possession, the lifting of the automatic stay would allow both parties to assert whatever rights they have in housing court.

## CONCLUSION

For the foregoing reasons, Landlord respectfully requests that the Court grant its motion and enter the proposed Order.

Respectfully submitted,

Dated: May 14, 2025                              /e/ *Kenneth C. Edstrom*_____
                                                 Kenneth C. Edstrom (148696)
                                                 Sapientia Law Group, PLLC
                                                 120 South Sixth Street, Suite 100
                                                 Minneapolis, MN  55415
                                                 612-756-7100
                                                 kene@sapientialaw.com
                                                 ***Attorneys for Gardner Investments, Inc.***

DECLARATION OF SERVICE

Kenneth C. Edstrom declares under penalty of perjury that on May 14, 2025 he served the
following documents electronically with the Clerk of Court through ECF, and that a copy of the
above-referenced document will be delivered to the people who are Filing Users, by automatic e-
mail notification pursuant to the Electronic Case Filing System and this notice constitutes service
or notice pursuant to Local Rule 9006-l(a).

He further declares under penalty of perjury that he has provided the following documents to
certificateofservice.com to be served upon the matrix who will serve their own certificate of
service in connection with this motion:

    1       Notice of Motion and Motion for Relief from Automatic Stay.

    2       Declaration of Marshall Jackson with Exhibits

    3       Memorandum of Law in Support of Motion

    4       Declaration of Service

    5       Proposed Order

Dated: May 14, 2025                /e *Kenneth C. Edstrom*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re: Afnan Mohammed Husain                              Bky No. 25-30895
                                                          Chapter 7

Debtor

## ORDER

In Minneapolis this _____

Gardner Investments, Inc.'s Motion for Relief from the Automatic Stay (the "Motion"); came on for hearing before the undersigned on _____. Appearances were as noted in the Court's minutes. Based on the arguments of the parties, all of the files, records, and proceedings herein, the Court being fully advised in the premises and accordingly: IT IS HEREBY ORDERED:

1.    The Motion is granted in its entirety.

2.    Gardner Investments, Inc. is hereby granted limited relief from the automatic stay to prosecute Hennepin County District Court (Housing Division) Court File No. 27-CV-HC-25-818, or such other and additional court filings necessary to attempt to recover possession of 1905 Stevens Avenue South, Apt. 203, Minneapolis Minnesota 55403 from the Debtor.

3.    This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

4.    Notwithstanding Federal Rule of Bankruptcy Procedure 4001(a)(3), this Order is not stayed but is instead effective immediately upon entry.

Dated: _____          _____

                                   Katherine A. Constantine,

                                   Chief United States Bankruptcy Judge

4894-3631-5064, v. 1