UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re: Afnan Mohammed Husain,

Debtor

Bky File No. 25-30895

**REPLY TO OBJECTION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

Gardner Investments, Inc, ("Landlord" or "Movant") in reply to the "Petition In Opposition To Motion For Relief From Automatic Stay" (hereafter "Objection") filed by the Debtor/Tenant as ECF 45 alleges and argues as follows.

In her Objection, so far as understood by the undersigned counsel for the Movant, Debtor does not argue that anyone has paid the post-petition rent due under the lease, but instead asserts or at least hints at the following objections to the Motion for Relief from Stay.

1   This Court may not have jurisdiction to adjudicate this motion.

2   Landlord cannot show "cause" to lift the stay based on the now-vacated order of the Hennepin County Housing Court Referee.

3   The Eviction Action in Hennepin County was improper because the Housing Court Referee cited case law in support of her decision that neither side had cited to.

4   Landlord cannot show "cause" to lift the stay because the lease between the Debtor and the Landlord was unilaterally assigned to a third-party and the Landlord waived his right to object to the assignment by failing to assert that the assignment was improper.

5   Landlord's continuation of the Eviction Action after the Petition Date was a deliberate violation of the Automatic Stay because the Landlord was notified of the Bankruptcy prior to the April 7 hearing.

1

# REPLY

### 1       This Court Has Jurisdiction To Adjudicate This Motion.

The jurisdiction of this Court to hear this motion is based upon under 28 U.S.C. §§ 157 and 1334, Bankruptcy Rule 5005 and Local Rule 1070-1 as recited in the Motion.  The debtor invoked bankruptcy court subject matter and *in personam* jurisdiction by filing a voluntary petition in bankruptcy. With the commencement of the case, the bankruptcy court acquired exclusive *in rem* jurisdiction over all the debtor's legal or equitable interests in property wherever located and by whomever held.  *In re Sasson,* 424 F.3d 864, 870 (9th Cir. 2005) (internal citations omitted).

### 2    Landlord Did Not Attempt To Show "Cause" To Lift The Stay Based On The Now-Vacated Order Of The Hennepin County Housing Court Referee.

While the Landlord attached a copy of the Housing Court Referee's April 7 order as an Exhibit supporting the motion for relief from stay, at no time has the Landlord asserted that their relief from stay is predicated on that now-vacated order.  The main thrust of the Stay relief is that the landlord has an interest in real property where no rent payments or other adequate protection has been made by any party, not the Debtor, not the alleged trust, not the Chapter 7 Trustee, not anyone.

### 3    Although It Is Irrelevant For The Current Motion, The Now Vacated Eviction Order Was Proper

Although the methodology of the Housing Court Referee's decision making is not an issue in this motion for relief from stay, it is a unique theory that the Housing Court Referee or any judicial officer can only decide issue based on the legal theories presented by the parties. *See, e.g., de Fontbrune v. Wofsy*, 838 F.3d 992, 999 (9th Cir. 2016) ("Although our common law system relies heavily on advocacy by the parties, judges are free to undertake independent *legal* research beyond the parties' submissions.")

**4  The Alleged Assignment Of Lease Is A Nullity.**

There is no dispute that the Landlord did not sign the alleged assignment, the Debtor only asserts that the Landlord waved their right to contest the assignment (that the Landlord asserts that it never received) through silence. But that is not the way rights in real estate transactions work under Minnesota law. The original lease was longer than a year in duration and therefore was within the statute of frauds meaning that it had to consist of a writing executed by all parties. Minn. Stat. § 513.04. The purpose of the statute of frauds is to "defend against frauds and perjuries by denying force to oral contracts of certain types which are peculiarly adaptable to those purposes." *Smith v. Woodwind Homes, Inc.,* 605 N.W.2d 418, 423 (Minn. Ct. App. 2000), citing *In re Guardianship of Huesman,* 354 N.W.2d 860, 863 (Minn.App.1984). That purpose is satisfyingly applicable where one party to a lease alleges that an assignment to the lease was prepared and sent to the counterparty where the counterparty denies that they ever saw such a document.

More particularly, in order for an assignment of a lease to be effective and to release the original lessee from obligations under the lease, there must be a writing creating a novation, consent to which cannot be inferred by silence of the counterparty. *Hanson v. Nelson,* 82 Minn. 220, 84 N.W. 742, 743 (1901) (for novation in substitution of contractually-bound parties to be effective, acceptance by silence is not allowed, there must be written consent explicitly expressed by all parties, the originally signatories and those to be substituted in); *Cornwell v. Megins,* 39 Minn. 407, 40 N.W. 610, 611 (1888) (consent to substitution of parties to contract must go to the release of original party *and* to assumption by substituted party); *Epland v. Meade Ins. Agency Assocs., Inc.,* 564 N.W.2d 203, 207 (Minn.1997) (for substitution of party by novation to be effective against counterparty, counterparty must have consented to the delegation, thus completely substituting one party for another). *See*, *In re Polaroid Corp.,* 543 B.R. 888, 902 (Bankr. D. Minn. 2016), *aff'd sub nom. Stoebner v. Opportunity Fin., LLC*, 562 B.R. 368 (D. Minn. 2016), *aff'd,* 909 F.3d 219 (8th Cir. 2018).

Because the Debtor is a party to the lease and cannot unilaterally end her obligations under the lease,

non-payment of rent under that lease is cause for the lifting of the automatic stay.

## 5     Although It Is Irrelevant For The Purposes Of The Current Motion, Landlord Demonstrably Did Not Have Notice Of The Bankruptcy Debtor's Bankruptcy Petition At The Time Of The Eviction Hearing.

Per the docket at ECF 10, the Notice of the Filing of the Bankruptcy and Information on the First Meeting of Creditors was transmitted by the Bankruptcy Noticing Center to the following 6 individuals and entities on March 30, 2025.

1. Afnan Mohammed Husain, PO Box 4272, Mankato, MN 56002-4272
2. Michael S. Dietz, Esq., Ch. 7 Trustee, 1529 Hwy 14 East, Suite 200, #241, Rochester, MN 55904-5307
3. Minnesota Department of Revenue, Bankruptcy Section, PO BOX 64447, St Paul, MN 55164-0447
4. United States Attorney, 600 US Courthouse, 300 S 4th St, Minneapolis, MN 55415-3070
5. US Trustee, 1015 US Courthouse, 300 S 4th St, Minneapolis, MN 55415-3070
6. Bridgecrest Credit Company, LLC 7300 E Hampton Ave Ste 101, Mesa, AZ 85209-3324

Gardner Investments was not listed as a creditor by the Debtor when she filed her petition on March 28. Gardner was only added as a creditor to the matrix and added as a party in interest by the filing of Debtor's Amended Schedules [ECF 14] on April 2, 2025. However, there is nothing in the Court's docket that shows that the Notice of Bankruptcy [ECF 10] was ever sent to the Landlord as required under Rule 1009 of the Federal Rules of Bankruptcy Procedure. As stated in the Declaration of Marshall Jackson, no notice of the bankruptcy was ever received, and of course, although the Debtor could have told the Housing Court Referee at the eviction hearing on April 7 that she had filed bankruptcy 9 days prior, she did not.

## 6     The Lease Will Have Been Deemed Rejected by the Time of the Hearing

Debtor's theory is that as part and parcel of her rights under bankruptcy law, she has the ability to stay in the apartment owned by the Landlord for free. That is simply not the case. The right to assume or reject a residential real estate lease in a Chapter 7 belongs to the bankruptcy Trustee. Any such lease that the Debtor is a party to is deemed rejected after 60 days if the trustee does not assume the lease, and, importantly, cures the lease arrearages or makes provision for the cure in a reasonable amount of time.

> In a case under chapter 7 of this title, if the trustee does not assume or reject an executory contract or unexpired lease of residential real property or of personal property of the debtor within 60 days after the order for relief, or within such additional time as the court, for cause, within such 60-day period, fixes, then such contract or lease is deemed rejected.

11 USC § 365(d)(1).

Under 11 USC § 363(e):

> **(e)** Notwithstanding any other provision of this section, at any time, on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest. This subsection also applies to property that is subject to any unexpired lease of personal property (to the exclusion of such property being subject to an order to grant relief from the stay under section 362).

The Trustee's 60 day deadline to assume the lease runs out on May 27, the day before the hearing on the motion. Assuming the trustee has not assumed the Debtor's lease and cured the arreages due under the lease (which he has indicated he will not do), the lease is deemed rejected which in itself is a cause for lifting the automatic stay to allow the Landlord to attempt in state court to obtain the possession of his property.

### 7   There is no Equity in Debtor's Possessory Interest and Said Interest Is Not Necessary for a Successful Reorganization

There is no equity in the lease nor in Debtor's "possessory interest" in the leasehold. Said possessory interest is not required for a successful reorganization, even assuming in a Chapter 7 that "successful reorganization" is a consideration. Cause therefore exists to lift the stay. 11 USC § 362(d), *see, e.g., In re Martens,* 331 B.R. 395, 398 (B.A.P. 8th Cir. 2005) noting EITHER lack of equity OR a lack of necessity of an asset for a successful reorganization is "cause" to lift the automatic stay. In general, "[i]t is unlikely that a possessory interest in real property, without more, is likely to overcome a creditor's proof of cause to grant relief from the automatic stay." *In re Steele,* 297 B.R. 589, 593 (Bankr. E.D. Mo. 2003).

5

## CONCLUSION

Based on the arguments herein and in the original Memorandum of Law in support of the Motion, Landlord respectfully requests that the Court grant its motion and enter the proposed Order previously submitted.

Respectfully submitted,

Dated: May 23, 2025                                    /e/ *Kenneth C. Edstrom*
                                                       Kenneth C. Edstrom (148696)
                                                       Sapientia Law Group, PLLC
                                                       120 South Sixth Street, Suite 100
                                                       Minneapolis, MN  55415
                                                       612-756-7100
                                                       kene@sapientialaw.com
                                                       ***Attorneys for Gardner Investments, Inc.***

DECLARATION OF SERVICE

Kenneth C. Edstrom declares under penalty of perjury that on May 23, 2025 he served the following documents electronically with the Clerk of Court through ECF, and that a copy of the above-referenced document will be delivered to the people who are Filing Users, by automatic e-mail notification pursuant to the Electronic Case Filing System and this notice constitutes service or notice pursuant to Local Rule 9013-2(d) on the Debtor (who has requested receipt of notice via ECF at Afnan.Husain25@gmail.com) the Trustee and the US Trustee.

1  Response to Objection to Motion for Relief from Automatic Stay.

2  Declaration of Service

Dated: May 23, 2025                              /e *Kenneth C. Edstrom*

4930-6070-0742, v. 2